UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER RIALS,<br>　　　　Plaintiff,<br>　v.<br>A. DAYS, et al.,<br>　　　　Defendants. | Case No. 17-cv-00467-HSG<br>**ORDER OF SERVICE** |

# INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP") in Soledad, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

# ANALYSIS

## A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Prior to Plaintiff being housed in cell D1-103, Sgts. Days and Garcia, and Officer Torres and Chin were aware of the unsanitary conditions in cell D1-103, and were aware that these conditions posed a risk to inmate health and safety. Dkt. No. 1 at 5.

On June 16, 2016, when Plaintiff was first escorted to cell D1-103 by Officer Torres and Chin, he noticed that standing water covered the entire cell floor. Dkt. No. 1 at 4. Plaintiff informed Officers Torres and Chin of the standing water, and they responded that a work order would be put in to fix the problem. *Id.* Officer Chin returned ten minutes later with a cotton blanket and instructed Plaintiff to use the blanket to keep the water in the cell. *Id.*

From June 16, 2016 to June 21, 2016, cell D1-103 was flooded and did not contain a working toilet, which subjected Plaintiff to constant and close exposure to his own accumulated urine and feces. Dkt. No. 1 at 4. During this time period, Plaintiff repeatedly asked Sgts. Days and Garcia, and Officers Torres, Chin, Machuca, Cortina, and Costillo to address the unsanitary conditions in his cell. *Id.*

On June 21, 2016, when Officer Cortina was passing out the evening meal, Officer Cortina inquired about the smell coming from Plaintiff's cell. Dkt. No. 1 at 4–5. Plaintiff replied that the smell was caused by the stagnant water covering his cell floor and by the accumulated excrement

2

1   in his toilet. *Id.* Plaintiff asked Officer Cortina to contact a plumber. *Id.* Officer Cortina left and returned fifteen minutes later with a five gallon bucket of water and instructed Plaintiff to pour the water rapidly into the toilet which induced a manual flush. *Id.* at 5. Although this manual flush did not completely clear the toilet, it alleviated the smell. *Id.* That same day, Plaintiff submitted an Inmate Request Form (CDCR Form 22) requesting a work order. *Id*. At mail pick-up, Officer Torres read the Form 22 and refused to sign, date or accept the Form 22.

On June 22, 2016, a plumber fixed the toilet and the leak.

**C.    Discussion**

Plaintiff has named as defendants SVSP prison officials sergeants Days and Garcia, and SVSP correctional officers Torres, Chin, Machuca, Cortina, and Costillo. Plaintiff alleges that all defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment by failing to address the unsanitary conditions in cell D1-103 from June 16, 2016 to June 21, 2016. Plaintiff further alleges that Officer Torres violated his due process rights when, on June 22, 2016, Officer Torres refused to sign, date or accept Plaintiff's Form 22 requesting a work order to address the unsanitary conditions in his cell.

**1.    Eighth Amendment Claim**

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *See Farmer*, 511 U.S. at 834. The requisite state of mind to establish an Eighth Amendment violation in prison-conditions case is one of "deliberate indifference." *Johnson v. Lewis*, 217 F.3d 726, 733 (9th Cir. 2000) (Supreme Court has applied deliberate indifference standard where inmates challenge conditions of confinement). The

3

deliberate indifference standard requires the plaintiff to prove that "the official knows of and disregards an excessive risk to inmate health or safety . . ." *Id.* (citing *Farmer*, 511 U.S. at 837). "[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th. Cir.), *amended* 75 F.3d 448 (9th Cir. 1995); *see*, *e.g.*, *Johnson*, 217 F.3d at 732–33 (finding substantial deprivations of shelter, food, drinking water or sanitation for four days sufficiently serious to satisfy objective component of Eighth Amendment claim). Liberally construed, Plaintiff's allegation that, from June 16, 2016 to June 21, 2016, he repeatedly asked Sgts. Days and Garcia, and Officers Torres, Chin, Machuca, Cortina, and Costillo to address the unsanitary conditions in his cell to no avail states a cognizable Eighth Amendment claim.

### 2. Due Process Claim

Plaintiff has failed to state a cognizable due process claim against Officer Torres. Violations of state prison regulations do not rise to the level of a constitutional violation. *Sandin v. Conner*, 515 U.S. 472, 482 (1995) (finding no constitutionally protected liberty interest in prison regulations phrased in mandatory terms); *Bostic v. Carlson*, 884 F.2d 1267, 1270 (9th Cir. 1989) (a prison's failure to follow its own guidelines regarding hearings does not alone constitute denial of due process) ; *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) (violations of prison rules or procedures alone do not state federal claims and are not cognizable under § 1983). Because no amendment could cure this deficiency, Plaintiff's due process claim against Officer Torres is DISMISSED with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The due process claim against defendant Officer Torres is DISMISSED with prejudice.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendants **Sergeant A. Days, Sergeant E. Garcia, Officer E. Torres, Officer B. Chin, Officer A. Machuca, Officer A. Cortina, and Officer H. Costillo** at **Salinas Valley State**

4

**Prison**.

A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

    c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is

5

entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely

6

fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  4/28/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge