|  |  |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |

| JAMES ALEXANDER RIALS, | Case No. 17-cv-00467-HSG |
|---|---|
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE ON H. COSTILLO; VACATING BRIEFING SCHEDULE** |
| v. | |
| A. DAYS, et al., | |
| Defendants. | |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP") in Soledad, California, filed this *pro se* civil rights action against SVSP correctional officials pursuant to 42 U.S.C. § 1983. On April 28, 2017, the Court found that Plaintiff stated a cognizable Eighth Amendment claim against Sergeant A. Days, Sergeant E. Garcia, Officer E. Torres, Officer B. Chin, Officer A. Machuca, Officer A. Cortina, and Officer H. Costillo, and issued an order of service. Dkt. No. 7. On June 22, 2017, counsel Caitlin Ross filed a waiver of reply on behalf of defendants Days, Garcia, Torres, Chin, Machuca, and Cortina. Dkt. No. 11. Defendant H. Costillo has not yet made an appearance in this action and does not appear to have been served. In response to the Court's order requesting information regarding defendant H. Costillo, Ms. Ross reported that she did not represent H. Costillo and that the SVSP litigation coordinator had reported that there was no SVSP officer by the name of H. Costillo, but that there was an SVSP officer named "H. Castillo." Dkt. No. 16 at 2.

A plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, but such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828

F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 90 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve defendant H. Costillo. Consequently, Plaintiff must remedy the situation or face dismissal of H. Costillo without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, within thirty (30) days of this order, Plaintiff must effect service on defendant H. Costillo, or submit to the Court sufficient information to identify and locate defendant H. Costillo such that the Marshal is able to effect service. If Plaintiff intended to serve "H. Castillo" instead of the originally named "H. Costillo," he should so inform the Court and file a request for the United States Marshal to re-issue summons for the correct defendant. **Failure to comply with the deadline set forth in this order will result in dismissal of any unserved defendant without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

The briefing schedule set forth in the Court's April 28, 2017 order is VACATED. The Court will issue a new briefing schedule for dispositive motions when all service issues have been resolved.

**IT IS SO ORDERED.**

Dated: 9/13/2017

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge