UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER RIALS,<br>　　　　Plaintiff,<br>　　v.<br>A. DAYS, et al.,<br>　　　　Defendants. | Case No. 17-cv-00467-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT AND RE-ISSUE SUMMONS; DIRECTING CLERK TO RE-ISSUE SUMMONS**<br><br>Re: Dkt. No. 18 |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP") in Soledad, California, filed this *pro se* civil rights action against SVSP correctional officials pursuant to 42 U.S.C. § 1983. On October 6, 2017, Plaintiff filed a request for leave to file an amended complaint and to re-issue summons, stating that defendant H. Costillo had been misidentified, and that his correct name is H. Castillo. Dkt. No. 18.

Plaintiff's request is GRANTED IN PART AND DENIED IN PART. The Court hereby orders as follows:

　　1.　　Plaintiff's request for re-issuance of summons is GRANTED and Plaintiff's request for leave to file an amended complaint is DENIED as moot.

　　2.　　The Clerk shall re-issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter (Dkt. No. 1), all attachments thereto, a copy of the Court's April 28, 2017 screening order (Dkt. No. 7), and a copy of this order on defendant **H. Castillo**, at **Salinas Valley State Prison**.

　　3.　　The Clerk is directed to correct the spelling of the name of the defendant on the court docket by substituting "H. Castillo" for "H. Costillo."

4. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

    c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

5. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out

specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

3

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This order terminates Docket No. 18.

**IT IS SO ORDERED.**

Dated: 10/18/2017

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge